UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER MICHAEL TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY WA, et al., <br><br> Defendants. | Case No. 2:21-cv-1182-MJP-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for October 29, 2021 |

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1, 4. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). Because plaintiff's complaint fails to state a claim and is frivolous, it should be dismissed with prejudice.

## BACKGROUND

Plaintiff states that he is incarcerated at Sterling Correctional Facility in Sterling Colorado. Dkt. 1-1. Plaintiff contends that he wrote a "21 track album mix tape" and that King County in Washington and the Colorado Department of Corrections are planning to steal his music. Dkt. 1-1 at 3. Plaintiff does not explain why he believes that the defendants are planning to steal his music. Plaintiff asks the Court to file his lyrics as a complaint and to provide plaintiff a copy of the lyrics he has submitted. Dkt. 1-1 at 3.

REPORT AND RECOMMENDATION - 1

The proposed complaint also alleges that the defendants are committing treason, but does not provide any supporting factual allegations. Dkt. 1-1 at 3.

The proposed complaint also includes the lyrics to the songs. Dkt. 1-1 at 4-38. The lyrics do not state any factual allegations against either of the named defendants. Dkt. 1-1 at 4-38.

## DISCUSSION

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

(2) A short and plain statement of the claim showing the pleader is entitled to relief; and

(3) A demand for relief sought which may include relief in the alternative or different types of relief.

REPORT AND RECOMMENDATION - 2

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her

REPORT AND RECOMMENDATION - 3

complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff has failed to allege a factual basis upon which plaintiff claims any entity or individual defendant is liable. Plaintiff's complaint baldly asserts that his rights have been violated, without explaining who allegedly did or failed to do something that is related to those violations, or whether any acts or omissions occurred that are attributable to any state actor, or any facts that would plausibly show causation – i.e., a series of facts that would show how any acts or omissions, policies, customs, or practices, allegedly caused a deprivation of his rights. These vague and conclusory allegations of wrongdoing without factual support are insufficient to state a claim pursuant to Section 1983. Additionally, even if the lyrics that plaintiff attached to his complaint are interpreted liberally, they do not allege any facts related to the named defendants or their conduct.

Finally, plaintiff's complaint appears to be based on a belief that King County in Washington and the Sterling Correctional Facility in Colorado are planning to steal plaintiff's lyrics at some point in the future. These allegations are speculative and do not appear to have any arguable basis in law or fact. Thus, plaintiff's complaint fails to state a claim under Section 1983, is frivolous and any attempt to amend the complaint would be futile.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court deny IFP and dismiss plaintiff's complaint with prejudice because it is frivolous.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **October 29, 2021**, as noted in the caption.

Dated this 14th day of October, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5